## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| SIGNIFY NORTH AMERICA CORP., *et al.*, | ) ) ) | Case No. 1:22-cv-01447 |
| Plaintiffs, | ) ) | Judge J. Philip Calabrese |
| v. | ) ) ) | Magistrate Judge Jonathan D. Greenberg |
| MENARD, INC., | ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| AFX, INC., *et al.*, | ) ) ) | |
| Third-Party Defendants. | ) ) | |

## OPINION AND ORDER

Plaintiffs Signify North America Corporation and Signify Holding B.V. sued Defendant Menard, Inc. alleging patent infringement.  According to the complaint, Menard sells lighting products in its retail stores that infringe on six of Plaintiffs' patents.  (ECF N o. 1.)  Defendant moves to transfer the case to the Western District of Wisconsin under 28 U.S.C. § 1404(a).  (ECF No. 18.)  For the reasons that follow, the Court **GRANTS** the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed suit on August 12, 2022, alleging six counts of patent infringement.  (ECF No. 1.)  Plaintiff Signify North America Corporation is incorporated in Delaware, with a principal place of business in New Jersey.  (*Id.*, ¶ 2,

PageID #2.)  Plaintiff Signify Holding B.V. is incorporated in the Netherlands.  (*Id.*, ¶ 3.)  Defendant Menard, Inc. is incorporated and has its principal place of business in Wisconsin.  (*Id.*, ¶ 4.)  Menard is licensed to do business in Ohio and operates at least three retail stores in Ohio.  (*Id.*, ¶ 6; ECF No. 21-1, PageID #683–86.)  Menard admits that it operates retail stores in the Northern District of Ohio.  (ECF No. 17, PageID #581; ECF No. 18-2, ¶ 10, PageID #615.)

Signify, previously known as Philips Lighting, has "recognized expertise" in LED lighting products.  (ECF No. 1, ¶ 11, PageID #5.)  The patents at issue involve LED technology.  (*Id.*, ¶ 12, PageID #8.)  According to Plaintiffs, Defendant sells infringing LED lighting products in its retail stores under several trademarks— Patriot Lighting, MasterForce, and Smart Electrician.  (*Id.*, ¶¶ 22–24, PageID #10.)  Menard admits that it controls these trademarks, and that it sells the products Plaintiffs identify as examples of infringing products at its retail stores in Ohio.  (ECF No. 17, PageID #583–84.)

### A.    Menard's Motion and the Souba Declaration

On October 17, 2022, three days after Defendant answered, it filed a motion to transfer this case to the Western District of Wisconsin.  (ECF No. 18.)  In support of its motion, Defendant submitted a declaration from Rick Souba, Menard's controller.  (ECF No. 18-2.)  Souba represents that "[a]ll decisions by Menard relating to the allegations in this case" are made at Menard's headquarters in Eau Claire, Wisconsin, and documentary evidence of those decisions is located in Eau Claire.  (*Id.*, ¶¶ 7 & 9, PageID #614–15.)  Further, Souba identifies himself and Menard's merchandising manager for its electrical department, Jim Chapman, as witnesses

2

with material knowledge concerning the allegations in Plaintiffs' complaint.  (*Id.*, ¶ 8, PageID #615.)  Both Souba and Chapman reside in or near Eau Claire, Wisconsin. (*Id.*)  Menard's corporate headquarters "direct[s] and control[s]" operations at Menard's retail stores in the Northern District of Ohio.  (*Id.*, ¶ 11.)  For this reason, Souba represents that employees of the retail stores here do not have unique information relevant to Plaintiffs' claims.  (*Id.*, ¶ 10.)  Further, Souba represents that third parties who have consented to jurisdiction in the Western District of Wisconsin produce the allegedly infringing products.  (*Id.*, ¶ 7, PageID #614.)

Defendant argues that because all of the evidence of its allegedly infringing activities are in Wisconsin, and because the infringing activity has "virtually no connection" to this District, venue is more convenient in the Western District of Wisconsin.  (ECF No. 18-1, PageID #601.)  Also, Defendant points out that Signify's relevant witnesses and documents are, presumably, located at its United States headquarters in New Jersey, not in the Northern District of Ohio.  (*Id.*, PageID #602.)

### B.    Signify's Response

Plaintiffs support their choice of forum with the following facts.  Plaintiffs' complaint alleges that Defendant is infringing its patents by "offer[ing] to sell, or sell[ing]" its patented inventions.  (ECF No. 21, PageID #655) (quoting 35 U.S.C. § 271(a).)  Menard sells the allegedly infringing products in at least three stores in the Northern District of Ohio.  (ECF No. 1, ¶ 6, PageID #2–3; ECF No. 17, ¶ 6, PageID #581.)  Signify chose to file suit in this District, which maintains "robust local [patent] rules."  (ECF No. 21, PageID #656.)  And Plaintiffs point to the fact that Menard is a multibillion-dollar corporation, making the cost of litigating outside its

home district manageable.  (*Id.*, PageID #666 n.4.)  Based on the allegations in its complaint, Signify appears to be a large and apparently successful business whose lighting features on several famous bridges across the globe.  (ECF No. 1, ¶ 11, PageID #5–7.)

Plaintiffs dispute Defendant's argument that the relevant documents and witnesses are in its Eau Claire, Wisconsin headquarters.  According to Plaintiffs, that representation is inconsistent with Defendant's position that the real parties-in-interest to this suit are the vendors Menard added as third-party Defendants.  (ECF No. 21, PageID #665.)  Plaintiffs do not represent that any of their documents or witnesses relevant to the patents are in Ohio, or conveniently located near this District.  (*Id.*, PageID #656–58.)  Instead, they rely on the fact that they chose to sue here.  (*Id.*)

## ANALYSIS

The parties do not dispute that venue is proper in this District under the patent venue statute.  (ECF No. 1, ¶ 7, PageID #3–4; ECF No. 24, PageID #700 n.2.)  "The Sixth Circuit recognizes that district courts have 'broad discretion' to determine 'when party convenience or the interest of justice make[s] a transfer appropriate.'" *Roxane Labs., Inc. v. Camber Pharms., Inc.*, 666 F. App'x 899, 901 (Fed. Cir. 2016) (quoting *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009)).

## I.    The Patent Venue Statute

28 U.S.C. § 1400(b) governs venue in patent cases.  Under that statute, venue properly lies either "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established

place of business." *Id.*  A domestic corporation "resides" in its State of incorporation for purposes of the statute.  *TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017).  Menard is not incorporated in Ohio.  (ECF No. 1, ¶ 4, PageID #2; ECF No. 17, ¶ 4, PageID #580.)  Still, the parties do not dispute that venue is proper in this District.  (ECF No. 1, ¶ 7, PageID #3–4; ECF No. 24, PageID #700 n.2.)  By process of elimination, the parties acknowledge that Menard "has committed acts of infringement" in this District by selling allegedly infringing lights at its retail stores, which are "regular and established place[s] of business."  28 U.S.C. § 1400(b).

In a transfer analysis, the first step is to determine whether Plaintiff could have brought this action in the Western District of Wisconsin.  *Mancina v. McDermott*, No. 1:21-cv-00333, 2021 WL 1176724, at *4 (N.D. Ohio Mar. 29, 2021) (citing *Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 572 (N.D. Ohio 1998)).  Menard is incorporated in Wisconsin.  (ECF No. 1, ¶ 4, PageID #2; ECF No. 17, ¶ 4, PageID #580; ECF No. 18-1, PageID #603.)  Therefore, Menard resides there for purposes of the patent venue statute, and venue is proper in the Western District of Wisconsin.  Accordingly, the Court concludes that Plaintiff could have sued Defendant in the Western District of Wisconsin under the patent venue statute.

## II.    Transfer

28 U.S.C. § 1404 allows for a change in venue.  Subsection (a) provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might

have been brought or to any district or division to which all parties have consented." *Id*. § 1404(a).

District courts balance multiple often-competing factors when weighing a motion to transfer venue:  the convenience for witnesses, the location of operative facts, the ability to compel unwilling witnesses, the interests of justice, the ease of accessing sources of proof, convenience of the parties, and the plaintiff's choice of forum. *See Means v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 651 (6th Cir. 2016) (declining to reverse the district court's venue decision based on those factors). In weighing these factors, "if a change of venue serves merely to shift the inconvenience from one party to another, a change of venue is generally not warranted." *Siegfried v. Takeda Pharms. N. Am., Inc.*, No. 1:10-cv-02713, 2011 WL 1430333, at *2 (N.D. Ohio Apr. 14, 2011) (citations omitted).  The party requesting transfer "bears the burden of proof to show the factors weigh 'strongly' in favor of transfer." *Picker Int'l*, 35 F. Supp. 2d at 573.

## II.A.  Private Interest Factors

### II.A.1. Plaintiffs' Choice of Forum

Signify was entitled to bring this lawsuit where it wanted, and it chose the Northern District of Ohio.  That choice should be afforded weight in the transfer analysis.  Contrary to Defendant's assertion (ECF No. 18-1, PageID #606), the Court agrees with Plaintiffs that their choice of forum should not receive "little to *no*" weight (ECF No. 21, PageID #657).  Typically, courts "give[] great deference to a plaintiff's choice of forum" and do not disturb it "unless the movant makes a strong showing that equity favors the requested transfer." *DISC Env't Servs., Inc. v. Usher Oil Co.*,

6

343 F. Supp. 3d 705, 709 (N.D. Ohio 2018) (cleaned up).  However, where the forum is not the plaintiff's home forum, its choice carries less weight.  *Means*, 836 F.3d at 651; *see also Mancina*, 2021 WL 1176724, at *5.

Several of the cases on which Plaintiffs rely to argue that their choice of forum deserves great deference involve plaintiffs who sued in their home forums.  *See Picker Int'l*, 35 F. Supp. 2d at 573 (concluding that because the plaintiff chose to litigate "in its home state of Ohio . . . that choice is given much deference"); *Indus. Quick Search, Inc. v. Google, Inc.*, No. 1:13-cv-770, 2014 WL 1846886, at *3 (W.D. Mich. May 8, 2014) ("Both [p]laintiffs are located in this district, where [p]laintiffs chose to file this action.").  Recently, the Court "gave significant weight" to plaintiffs' choice of forum where seven of the ten plaintiffs were Ohio residents.  *Smith v. Swaffer*, 566 F. Supp. 3d 791, 801 (N.D. Ohio 2021); *see also In re Barnes and Noble*, 743 F.3d 1381, 1383–84 (Fed. Cir. 2014) (applying Sixth Circuit law to find no abuse of discretion in district court's refusal to transfer case from its home forum).

Further, Plaintiffs' reliance *Russell Corp. v. Miken Sports, LLC*, No. 1:08-cv-2038, 2009 WL 249707 (N.D. Ohio Feb. 2, 2009), is misplaced.  There, the plaintiff's choice of forum received "substantial weight," even though the plaintiff was a Delaware corporation with its principal place of business in Georgia.  *Id.* at *1–2.  As discussed above, in cases decided after *Russell* the Sixth Circuit and the Northern District of Ohio have given a plaintiff's choice of venue less than "substantial" weight where the plaintiff is not at home in the forum.  *Means*, 836 F.3d at 651; *Mancina*, 2021 WL 1176724, at *5.

7

Also, citing *One StockDuq Holdings, LLC v. Becton, Dickinson & Co.*, No. 2:12-cv-03037, 2013 WL 1136726, at *8 (W.D. Tenn. Mar. 18, 2013), Plaintiffs argue that their choice of forum should be afforded deference because they chose to file in a District that maintains "robust" local patent rules.  (ECF No. 21, PageID #656–57.) In that case, however, the court afforded deference to the plaintiff's decision to file suit in a court participating in Congress's patent pilot program, which "encourage[d] enhancement of expertise in patent cases." *One StockDuq*, 2013 WL 1136726, at *9 n.6.  Such is not the case here, and Defendant submitted evidence that patent cases in the Western District of Wisconsin proceed in a similar fashion to patent cases in this District.  (ECF No. 24-1.)

For these reasons, the Court does not disregard this factor, which favors venue in Ohio, but will not give it substantial weight where neither Plaintiff is at home in this District or this State.

### II.A.2. Operative Facts and Sources of Proof

"[T]here is no question that the locus of the alleged infringement is an important consideration in patent infringement cases." *Zhongshan Rising Dragon Foreign Tech. Co. Ltd. v. B&S Plastics, Inc.*, No. 3:10-cv-554, 2012 WL 13018281, at *4 (E.D. Tenn. June 21, 2012).  For this reason, "the location of the alleged infringer's principal place of business is often the critical and controlling consideration." *Id.* (quoting *Scooter Store, Inc. v. Spinlife.com, LLC*, No. 2:10-cv-00018, 2010 WL 3489013, at *4 (S.D. Ohio Sept. 10, 2010)).

Defendant argues that the sources of proof relevant to Plaintiffs' claims are at Menard's Wisconsin headquarters, and the decisions to sell the allegedly infringing

lighting products occurred there too, warranting transfer. (ECF No. 18-1, PageID #607–08; ECF No. 24, PageID #701–04.) Plaintiffs counter that some operative facts underlying their claims—sales at several Menard retail stores—occurred in the Northern District of Ohio such that this factor does not support transfer. (ECF No. 21, PageID #661–63.)

Certainly, *some* of the allegedly infringing activity Plaintiffs allege in their complaint occurred in the Northern District of Ohio at the stores they identify. (ECF No. 1, PageID #2.) But Menard directs its operations from its headquarters in Eau Claire, Wisconsin, and represents that decisions about selling the allegedly infringing lighting occurred there. (ECF No. 18-2, ¶ 7, PageID #614.) While the Court takes no position on the merits of Defendant's argument that its third-party suppliers are the true parties-in-interest, the evidence needed to make that determination and others material to Plaintiffs' claims is likely located at Menard's Eau Claire headquarters. (*Id.*, ¶ 9, PageID #615.)

Plaintiffs argue that evidence regarding Defendant's sale of the allegedly infringing lights exists at Menard's retail stores. (ECF No. 21, PageID #662.) Defendant operates retail stores in both Ohio and Wisconsin. (ECF No. 1, PageID #2–3, n.1.) To the extent that evidence comes into play in the litigation, that evidence is equally available at retail stores in Wisconsin. Also, the parties are large, sophisticated corporations. (ECF No. 1, ¶ 11, PageID #5–7; ECF No. 21, PageID #666 n.4.) Both parties could travel for litigation where Zoom or other remote technology

is not available, and Plaintiffs will have to travel regardless of whether the Court transfers this action.  On balance, this factor favors transfer.

### II.A.3. Witnesses

Convenience for witnesses is "probably the single most important factor in transfer analysis." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1318 (Fed. Cir. 2021) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009)).  "Convenience to witnesses is not a numbers game; a court should not merely tally witnesses but should instead evaluate the significance of their expected testimony." *Siegfried*, 2011 WL 1430333, at *3 (holding that the location of witnesses of "central relevance" to the dispute weighed in favor of transfer).

Based on the record at this early stage of the litigation, the parties' fact witnesses are principally individuals who live or work outside Ohio.  (ECF No. 18-1, PageID #608–09; ECF No. 18-2, ¶ 8, PageID #615; ECF No. 1, ¶¶ 2–3, PageID #2.) While there may be some salespeople who work in Menard's "Expanded Lighting Showrooms" in the Northern District of Ohio who could testify, Menard's witnesses of "central relevance" are its decision-makers in Wisconsin, Souba and Chapman. (ECF No. 18-2, ¶ 8, PageID #615.)  Plaintiffs have not identified any of their witnesses or where those witnesses are located, relying instead on their choice of forum as the controlling factor.  (ECF No. 21, PageID #665–66.)  However, because Plaintiffs are located in New Jersey and the Netherlands, their witnesses are unlikely to be located in Ohio and will be equally inconvenienced by venue in Ohio or Wisconsin.

Plaintiffs argue that this factor should not outweigh their choice of forum because Souba's declaration lacks sufficient detail.  (*Id.*, PageID #664–65.)  But

Souba's declaration identifies two important witnesses and their titles, which provides the Court some indication of their importance to the litigation. Chapman is the Merchandising Manager of Menard's Electrical Department, the department that presumably oversees the sale of the allegedly infringing lighting. (ECF No. 18-2, ¶ 8, PageID #615.) And the cases Plaintiffs cite criticize "bald" declarations involving self-serving statements of a defendant's domicile, not specific facts underlying the dispute between the parties. *See Combs v. T.J. Samson Cnty. Hosp.*, No. 1:05CV-190, 2006 WL 120235, at *2 (W.D. Ky. Jan. 12, 2006) (determining that a party's self-serving declaration of intent concerning his domicile was subject to skepticism); *Cofimco USA, Inc. v. Mosiewicz*, No. 15-cv-9118, 2016 WL 1070854, at *4 (S.D.N.Y. Mar. 16, 2016) (affording little weight to two nearly identical declarations concerning domicile to support diversity jurisdiction).

Further, Plaintiffs argue that because Menard's witnesses are its employees, they will testify if called, and the Court should not consider the convenience of party witnesses. (ECF No. 21, PageID #665–65.) While Menard's witnesses are its employees and they are likely to testify if called, the Court cannot discount the inconvenience litigating in Ohio will cause those witnesses. The Federal Circuit has repeatedly admonished district courts for discounting the convenience interests of witnesses who are not parties even if they are employees of one. *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021); *In re Pandora Media, LLC*, No. 2021-172, 2021 WL 4772805, at *3 (Fed. Cir. Oct. 13, 2021). This factor favors transfer.

### II.A.4. Convenience of the Parties

Defendant contends that litigating this case in Ohio will cause it and its employees inconvenience. (ECF No. 18-1, PageID #608–09; ECF No. 24, PageID #704–05.) Plaintiffs discount this inconvenience based on Menard's financial position and the location of some witnesses at retail stores in Ohio (ECF No. 21, PageID #663–66), but present no evidence why litigating in Ohio will be convenient for them. Plaintiffs' choice of forum is a factor in the transfer analysis that favors Ohio. But it is likely to be as equally inconvenient for Plaintiffs to litigate in the Western District of Wisconsin as it is in the Northern District of Ohio, while it is significantly more inconvenient for Defendant to litigate in the Northern District of Ohio than in the Western District of Wisconsin. (ECF No. 18-1, PageID #608–09; ECF No. 24, PageID #704–05.) This factor favors transfer.

### II.B. Public Interest Factors

### II.B.1. Court Congestion and Familiarity with Governing Law

Under the umbrella of public interest factors, courts weigh the forum's familiarity with the governing law. Where transfer would require the transferee court to apply State law of the transferor court, rather than a federal statute, this factor weighs against transfer. *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011) (explaining difference between "applicable state law" and laws "for which there is uniformity nationwide" in transfer analysis); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (affirming a district court's determination that the transferee and transferor courts were equally capable of applying federal law). In this patent infringement case, Plaintiffs allege six counts of infringement in

violation of federal patent law.  (ECF No. 1, PageID #23–46.)  No federal district court is more or less equipped to apply federal law to these claims.  As addressed above, Plaintiffs' assertion that the Court's Local Patent Rules weigh in favor of Ohio is misplaced.  This factor is neutral.

Plaintiffs include a heading in their opposition addressing "court congestion." (ECF No. 21, PageID #666.)  But neither party presents docket statistics or other facts to support either the Northern District of Ohio or the Western District of Wisconsin as the more congested venue or that either venue is any more or less congested than the average trial court in the United States.  Therefore, this factor remains neutral.

### II.B.2. Interests of Justice

Any number of things can lead the interests of justice to weigh in favor of or against transfer.  *See, e.g.*, *Berg Corp. v. Norris Mfg., LLC*, No. 5:20-cv-100, No. 5:20-cv-2297, 2021 WL 915895, at *4 (N.D. Ohio Mar. 10, 2021) (holding that the interests of justice weighed against a second transfer of the same lawsuit).  Plaintiffs argue that transfer would delay discovery and adjudication of this matter.  (ECF No. 24, PageID #666–67.)  However, Plaintiffs' discovery requests are not yet ripe (ECF No. 27), and the case remains in the early stage.  In either District, discovery and litigation will proceed in accordance with the Federal Rule of Civil Procedure and applicable local rules.

Generally, there is a public interest in having localized interests decided at home.  Where a plaintiff's claims arise out of the sale of goods in many States, including the transferee district, the citizens of the transferee district "have no more

or less of a meaningful connection to the case than any other venue." *In re TS Tech*, 551 F.3d at 1321.  In *TS Tech*, the court held that the citizens of Texas had no more of an interest in litigation of alleged patent infringement involving Honda headrests than any other district.  *Id.*  Similarly, here the citizens of Ohio have no more of an interest in Plaintiffs' claims than the citizens of Illinois, Indiana, Kansas, Kentucky, Michigan, Minnesota, Missouri, Nebraska, North Dakota, South Dakota, West Virginia, Wisconsin, and Wyoming, all States where Menard operates retail stores. (ECF No. 1, Page ID # 2–3 n. 1.)  This factor weighs in favor of transfer, if only slightly.

## CONCLUSION

Considering all factors and the entirety of the record, the only factor that cuts in favor of Ohio is Plaintiffs' choice to file suit in this District, and it carries less weight on the facts presented because Plaintiffs did not file suit in their home District.  Witness and fact-based considerations favor of venue in Wisconsin.  On balance, the public interest factors are neutral.

For the foregoing reasons, the Court **GRANTS** Defendant's motion to transfer (ECF No. 18) and **ORDERS** the Clerk to **TRANSFER** this action to the Western District of Wisconsin.

**SO ORDERED.**

Dated:  December 9, 2022

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio

14